## Abstract of the Decision.

1. Replevin, § 50*—*when owner of pawned property must pay or tender amount due as prerequisite to action.* One whose personal property has been pawned with her knowledge and consent cannot maintain replevin to recover possession of such property without first paying or tendering the amount due to the pawnee in redemption from the pledge.

2. Trover and conversion, § 28*—*when owner of pawned property must pay or tender amount due as prerequisite to action.* An action of trover to recover the value of personal property cannot be maintained against a pawnee of such property where it appears that the property was pawned with the knowledge and consent of plaintiff, and that the amount due to the pawnee in redemption of the pledge was not paid or tendered to pawnee before commencing the action.

## Claire Beitel, Appellee, v. C. T. Beitel, Appellant.

## Gen. No. 6,135.    (Not to be reported in full.)

Appeal from the Circuit Court of Lee county; the Hon. Richard S. Farrand, Judge, presiding. Heard in this court at the April term, 1915. Reversed and remanded. Opinion filed October 20, 1915. Rehearing denied December 8, 1915.

## Statement of the Case.

Action by Claire Beitel, plaintiff, against C. T. Beitel, defendant, in the Circuit Court of Lee county, to recover on a declaration of which three counts in trespass charged an assault on plaintiff by defendant, who was the father of plaintiff's husband, and of which a fourth count charged an alienation by defendant of the affections of such husband. The general issue was pleaded to all counts. From a judgment for plaintiff for five hundred dollars, defendant appeals.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The People v. Brown, 196 Ill. App. 400.

WIRICK & WIRICK and JOHN E. ERWIN, for appellant.

TRUSDELL, SMITH & LEECH, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

## Abstract of the Decision.

1. ASSAULT AND BATTERY, § 22*—*when loss of comfort, society and friendship of husband element of damages.* The loss of the comfort, society and friendship of plaintiff's husband is not a proper element of damages in an action against the father of such husband to recover for an assault alleged to have committed on plaintiff by such father.

2. ASSAULT AND BATTERY, § 17*—*when instruction misleading and prejudicially erroneous.* In an action by a wife against the father of her husband, where in her declaration plaintiff in three counts of trespass alleged an assault upon her by defendant, and in a fourth count alleged that defendant alienated the affections of such husband whereby plaintiff was "deprived of the support, society assistance and affection of her said husband," an instruction that the jury might "award her such damages as they believed from the evidence she had sustained in the loss of the comfort, society and friendship of her husband, *held* misleading and prejudicially erroneous where defendant was found guilty on the first three counts, in that such instruction was not limited to the fourth count, since without such limitation such instruction stated a wrong measure of damages as to the counts on which defendant was found guilty.

---

## The People of the State of Illinois, Defendant in Error, v. Moses Brown, Plaintiff in Error.

### Gen. No. 6,068.   (Not to be reported in full.)

Error to the Circuit Court of DeKalb county; the Hon. MAZZINI SLUSSER, Judge, presiding. Heard in this court at the April term, 1915. Affirmed. Opinion filed October 20, 1915.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.